# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-2094V**

| | |
|---|---|
| CAROLINE PERALLI, as personal representative of ESTATE OF CRAIG PERALLI,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: September 3, 2026 |

*Sean Frank Greenwood, Greenwood Law Firm, Houston, TX, for Petitioner.*

*Nina Ren, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On December 10, 2025, Caroline Peralli, as personal representative of the Estate of Craig Peralli, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that Mr. Peralli suffered from Guillain-Barre Syndrome ("GBS") following an influenza vaccination he received on October 12, 2024. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 31, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation for Mr. Peralli's GBS. On September 2, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $382,500.00, comprised of $250,000.00 for the statutory benefit for a vaccine-related death and $132,500.00 for past pain and suffering. Proffer at 2. In the Proffer, Respondent

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $382,500.00, comprised of $250,000.00 for the statutory benefit for a vaccine-related death and $132,500.00 for past pain and suffering, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, as legal representative of the Estate of Craig Peralli.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| CAROLINE PERALLI, as personal representative of ESTATE OF CRAIG PERALLI,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 25-2094V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On December 10, 2025, petitioner Caroline Peralli, as personal representative of the estate of Craig Peralli, filed a petition for compensation (Petition) under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34, as amended (Vaccine Act).[1] ECF No. 1. Petitioner alleges that her husband suffered the Vaccine Table Injury of Guillain-Barré syndrome (GBS) that developed following an influenza (flu) vaccine administered on October 12, 2024, and which ultimately led to his death on November 4, 2024. *Id.* at 1.

On August 31, 2026, respondent filed a Rule 4(c) Report, conceding that petitioner's claim meets the Table criteria for a GBS injury, and that his death is vaccine related. ECF No. 33. That same day, the Court issued a Ruling on Entitlement finding petitioner entitled to compensation under the Vaccine Act. ECF No. 34.

---

[1] Petitioner appears to have been appointed administrator of Craig Peralli's estate on December 8, 2025. ECF No. 1-14 (Exhibit 12). All references to petitioner herein refer solely to Caroline Peralli in her representative capacity as the personal representative of the estate of Craig Peralli.

## I. <u>Items of Compensation</u>

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following, and requests that the Chief Special Master's decision and the Court's judgment award:

a. a lump sum payment of **$250,000.00**, which represents compensation for the statutory benefit for a vaccine-related death, and

b. a lump sum payment of **$132,500.00**, which represents compensation for past pain and suffering.

These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(2) and (a)(4).[2] Petitioner agrees.

## II. <u>Form of the Award</u>

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$382,500.00**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Caroline Peralli, as legal representative of the estate of Craig Peralli.

Evidence of petitioner's representative capacity is required, and no payments pursuant to this Proffer shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of Mr. Peralli's estate.[3] Petitioner agrees.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

[2] This Proffer does not include attorneys' fees and costs, which the parties intend to address after a Damages Decision is issued.

[3] If petitioner is not authorized by a court of competent jurisdiction to serve as the personal representative of the estate of Craig Peralli at the time a payment pursuant to this Proffer is to be made, then any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as personal representative of the estate of Craig Peralli upon submission of written documentation of such appointment to the Secretary.

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ Nina Y. Ren
NINA Y. REN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 305-3781
Nina.Ren@usdoj.gov

Dated: August 31, 2026

## CERTIFICATE OF SERVICE

I certify that I will email a copy of the foregoing filing to Sean Greenwood at sean@gwoodlaw.com on September 2, 2026.

/s/ Nina Ren